IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 99-cv-00870-ZLW-CBS

METABOLITE LABORATORIES, INC., a Colorado corporation, and
COMPETITIVE TECHNOLOGIES, INC., a Delaware corporation,

    Plaintiffs,

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a LABCORP, a Delaware corporation,

    Defendant.

_____

ORDER
_____

The matter before the Court is Defendant's Motion For Order Confirming The Dissolution Of The Permanent Injunction (Doc. No. 424). On November 20, 2001, a jury returned a verdict in this case that Defendant infringed United States Patent No. 4,940,658 ('658 Patent). Controlling law at the time, as described in Richardson v. Suzuki Motor Co., Ltd., required an injunction to issue after a verdict under Section 283 of the Patent Act, absent unusual circumstances.[1]

---

[1] "It is the general rule that an injunction will issue when infringement has been adjudged, absent a strong reason for denying it." Richardson v. Suzuki Motor Co., Ltd., 886 F.2d 1226, 1247 (Fed. Cir. 1989). This general principle was overruled in eBay Inc. v. MercExchange, L.L.C., 126 S.Ct. 1837 (2006), which now requires the prevailing party to satisfy the traditional four-factor test before a permanent injunction will issue. Id. at 1839.

Plaintiffs subsequently filed a Motion For Permanent Injunction (Doc. No. 255) requesting that Defendant be enjoined from performing any homocysteine-only tests which violated the '658 Patent. Plaintiffs cited to 35 U.S.C. § 283[2] and Richardson as their basis for an injunction.

This Court granted Plaintiffs' request for a permanent injunction stating:

> Plaintiffs also move for a preliminary injunction pursuant to the Patent Act, 25 U.S.C. § 283. Plaintiffs seek to enjoin LabCorp from performing "any homocysteine-only test, including without limitation homocysteine-only tests via the Abbott method." "It is the general rule that an injunction will issue when infringement has been adjudged, absent a strong reason for denying it" [citing Richardson]. This Court finds no sound reason for denying the injunction.[3]

It is undisputed that the '658 Patent expired on July 9, 2007.

Through the continued citation of both 35 U.S.C. § 283 - the statute addressing injunctions specifically designed to prevent further patent infringement - and Richardson, it was clear that both the Plaintiffs' request and this Court's subsequent order were solely concerned with Defendant's infringement of the '658 Patent. The purpose of the injunction was to protect Plaintiffs' rights under the '658 Patent.[4] The

---

[2]"[C]ourts . . . may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283 (2002).

[3]Order (Doc. No. 278; Nov. 20, 2002), at 3 (citation omitted).

[4]35 U.S.C. § 283 (2002).

injunction was issued because controlling law demanded it.[5]  The injunction was not designed to address any other outstanding issues between the parties.

Since the injunction was necessarily based on the existence of a valid patent, upon expiration of the '658 Patent the injunction expired.[6]  Thus, the Court finds that the permanent injunction automatically dissolved as of July 9, 2007.

It is appropriate under Fed. R. Civ. P. 60(b) to enter an order clarifying that this injunction is now void.  Therefore, it is

ORDERED that Defendant's Motion For Order Confirming The Dissolution Of The Permanent Injunction (Doc. No. 424; Jul. 10, 2007) is granted.  It is

FURTHER ORDERED that the permanent injunction entered on November 20, 2002 was dissolved effective July 9, 2007 upon expiration of the '658 Patent.

DATED at Denver, Colorado, this   7   day of December, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[5]See, e.g., Richardson, 886 F.2d at 1247.

[6]A "district court cannot enjoin [a party] from infringing an expired patent." Lans v. Digital Equip. Corp., 252 F.3d 1320, 1328 (Fed. Cir. 2001).